**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHARLES AKBAR HALL,**

                **Petitioner,**

            **v.**　　　　　　　　　　**Civil No. 9:01-CV-665**
                                              **(GLS/GJD)**
**VICTOR HERBERT,**

                **Respondent.**
_____

**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

**FOR THE PETITIONER:**

CHARLES AKBAR HALL
Petitioner, *Pro Se*
96-A-0212
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

**FOR THE RESPONDENT:**

HON. ANDREW CUOMO　　　　　　STEVEN H. SCHWARTZ
New York Attorney General　　　　　Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

After Charles Akbar Hall filed a *habeas corpus* petition challenging his New York State conviction and sentence for criminal sale of a controlled substance in the third degree, *see Dkt. No. 1; see also* 28 U.S.C. § 2254, his petition was referred to Chief Magistrate Judge Gustave J. DiBianco for report and recommendation.  *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c).  Subsequently, Judge DiBianco issued a report recommending that the petition be denied.  *See Report-Recommendation ("R&R"), Dkt. No. 27*.

Pending are Hall's objections to Judge DiBianco's report.  *See R&R, Dkt. No. 27; Hall Objs., Dkt. No. 28*.  Hall makes both specific and unspecific objections.  Specific objections will be reviewed under a *de novo* standard, while unspecific objections will be reviewed under a clearly erroneous standard.  *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006).  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its

entirety.[1]

## II.  Discussion

### A.  Specific Objections

Hall raises three specific objections.  First, he specifically objects to Chief Magistrate Judge DiBianco's treatment of his contention that the trial court should have called his attorney, Eugene Grenz, to testify at the § 440.10 hearing to determine if his performance constituted ineffective assistance of counsel.  More specifically, Hall argues that the trial court should have listened to testimony from Grenz regarding his representation before denying Hall's ineffective assistance of counsel claim.  This objection is without merit.  Hall does not offer any legal basis for his objection nor does he address the case law cited by Chief Judge DiBianco. Hall has therefore procedurally defaulted.  Nonetheless, the court has reviewed Chief Judge DiBianco's findings *de novo.*

Upon reviewing the record, the court concludes that denial of one witness at a § 440.10 hearing does not rise to the level of a constitutional violation.  Moreover, Hall has not demonstrated how his inability to call

---

[1]The Clerk is directed to append Chief Judge DiBianco's Report-Recommendation to this decision, and familiarity is presumed.  *See Dkt. No. 27.*

Grenz as a witness negatively impacted his case. Following a *de novo* review, the court concludes that Hall's first objection lacks merit and is denied.

Next, Hall argues that Chief Judge DiBianco erred in dismissing his *Rosario* and *Brady* claims. Specifically, Hall argues that under *Rosario*, he was entitled to obtain a copy of a taped conversation between the police dispatcher and the arresting officers.[2] Hall also maintains that *Brady* required the prosecution to provide him with both the taped conversation mentioned above and Doris Everett's arrest record. These objections are without merit. Hall does not offer any legal basis for his objections nor does he address the case law cited by Chief Judge DiBianco. Hall has therefore procedurally defaulted. Nonetheless, the court has reviewed Chief Judge DiBianco's findings *de novo.*

As Chief Judge DiBianco stated and this court concurs, the court need not consider whether Hall was denied *Rosario* material because this is an issue that arises solely under state law. However, the court may consider whether an omission on behalf Hall's attorney to examine *Rosario*

---

[2]Hall specifically maintains that a tape exists from the time of his arrest between the officers who arrested him and the police dispatcher on duty that night. Hall argues that this conversation would have helped prove his innocence.

4

material constituted ineffective assistance of counsel.

In *Rosario*, the New York Court of Appeals held that defense counsel is entitled to examine a witness' prior statements as long as it relates to the subject matter of the witness' trial testimony. *See People v. Rosario*, 9 N.Y.2d 286, 289 (1961). Prior statements often discredit the witness or show inconsistencies upon cross-examination. *See id.* As such, the issue here is whether Hall's attorney's failure to examine the officers' statements in the dispatcher tape constituted ineffective assistance of counsel. First, there is no concrete evidence that the taped conversation ever existed. Second, even if the tape did exist, there is no evidence that the statements made therein were related to the subject matter of the officers' trial testimony. Lastly, even if the statements therein were related to the officers' trial testimony, there is no evidence that the statements would be inconsistent or discredit such testimony, and the very purpose behind *Rosario* would not be served. Accordingly, following a *de novo* review, the court concludes that Hall's *Rosario* claim lacks merit, and it is therefore denied.

Finally, Hall claims that he should have been provided the dispatcher tape and Doris Everett's arrest record under *Brady.* In *Brady*, the Supreme

5

Court held that "[the prosecution's suppression] of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Md.*, 373 U.S. 83, 87 (1963).  Here, as noted above, there is no evidence that the dispatcher tape ever existed.  Even if it did, Hall has not shown how it would constitute evidence in his favor.

In regards to Doris Everett's arrest record, the court notes that this is a question of fact already resolved against Hall at the State court level.  Specifically, the record shows that Hall had the arrest record in his possession before trial as established by testimony from his parole revocation hearing.  Even so, Hall has not shown how Everett's arrest record would constitute favorable evidence.  Accordingly, following a *de novo* review, the court concludes that Hall's final specific objection lacks merit, and it is denied.

**B.**  **Unspecific Objections**

Lastly, Hall objects to Chief Judge DiBianco's treatment of his trial and appellate ineffective assistance of counsel claims.  This objection is unspecific because it reiterates Hall's previous arguments.  As such, the court will review this objection for clear error.

6

As to his trial counsel, Hall argues that Grenz should have made different tactical decisions. Hall further argues that Grenz failed to call certain key witnesses. As to his appellate counsel, Hall claims that his attorney failed to raise certain issues on direct appeal. In both cases, Hall has offered no evidence to establish the ineffective assistance of his counsel. As Judge DiBianco noted, Hall's objections amount to criticism of his attorney's strategic decisions regarding witnesses and fail to rise to the level of a constitutional violation. Moreover, the appellate counsel's failure to raise each and every issue suggested by Hall in his direct appeal also does not constitute a constitutional violation. Therefore, following a review for clear error, the court concludes that Hall's final objection lacks merit, and it is denied. Accordingly, Hall's petition is dismissed.

### III. Conclusion

Having reviewed the objected-to portions of the Report-Recommendation *de novo*, the remainder under a clearly erroneous standard, and Hall's objections, this court accepts and adopts the recommendation of Chief Judge DiBianco for the reasons stated in the Report-Recommendation.

**WHEREFORE**, it is hereby

7

**ORDERED** that Hall's petition (**Dkt. No. 1**) is **DISMISSED**, and the relief sought is **DENIED** for the reasons stated in Chief Judge DiBianco's April 7, 2004 Report-Recommendation; and it is further

**ORDERED** that the clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

March 30, 2007
Albany, New York

*Gary L. Sharpe*
United States District Court Judge